IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CARLOS KIDD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-161 |
| | § | |
| DIRECTOR OF THE FEDERAL | § | |
| BUREAU OF PRISONS, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

Before the Court is plaintiff CARLOS KIDD's ("KIDD's") Motion for Injunction Relief, severed from 7:18-CV-5 out of the Northern District of Texas, Wichita Falls Division. For the following reasons, the Court recommends KIDD's motion should be dismissed as moot, or in the alternative, denied.

I.
PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF

KIDD states that he received an unsigned threatening letter from an Aryan Brotherhood gang member who appears to be a fellow inmate. Based on retaliation from the Aryan Brotherhood after a 2003 incident and also based on continued threats KIDD states he has received despite his numerous transfers to various state facilities in Texas, KIDD requests he be transferred to federal custody.

KIDD has received two federal convictions during his time as a Texas inmate. KIDD's motion for injunctive relief acknowledges that he did not file any grievances or report the threatening

letter through administrative channels with his housing unit. In fact, shortly after he filed the request for injunctive relief, KIDD engaged in an episode of self-harm and was transferred to the psychiatric unit known as Montford, located in the Northern District of Texas, Lubbock Division. KIDD is no longer housed within the jurisdiction of this division's court, but KIDD has submitted recent filings arguing that it is "probable" he will be returned to the Clements Unit, where the threatening letter that is the subject of this request for injunctive relief was delivered to him anonymously.

## III.
## LEGAL STANDARD

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the applicant must demonstrate all four of the following elements:

> "(1) a substantial likelihood of success on the merits;
> (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied;
> (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and
> (4) the injunction will not disserve the public interest."

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Injunctive relief is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied*, 134 S.Ct. 1789 (2014).

Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted). Additionally, for a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004).

Movants for injunctive relief must show that constitutional violations have occurred and that state officials are "demonstrably unlikely to implement required changes" without injunctive relief. *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a temporary restraining order ("TRO"). Absent notice and opportunity to be heard from the opposing party, a TRO encompasses only restraint on a party for a fourteen-day period. Fed. R. Civ. P. 65(b)(2). If plaintiff's requests for restraint extend beyond this period, then the Court may construe his requests as a motion for a preliminary injunction; as such, the plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

## IV.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. KIDD is a Texas Department of Criminal Justice ("TDCJ") inmate currently housed at the Montford Unit, located in the jurisdiction of the Northern District of Texas, Lubbock Division. At the time of filing his request for injunctive relief, KIDD was housed at the Clements Unit, located in the jurisdiction of the same district, but in the Amarillo Division of that district, where the undersigned presides. The relief requested seeks to enjoin circumstances surrounding his time at the Clements Unit.

2. This motion for injunction was severed from 7:18-CV-5, a case pending in the same district, but in the Wichita Falls Division. The District Judge overseeing that case has kept jurisdiction over all claims except those contained in KIDD's request for injunctive relief. KIDD filed his original lawsuit against the federal Bureau of Prisons ("BOP") but amended his suit to include the Chairman of the TDCJ State Classification Committee and the Director of TDCJ.

3. KIDD alleges that while incarcerated in 2003, a former prison guard raped him and beat him unconscious. KIDD further alleges the prison guard was supplying the Texas Aryan Brotherhood gang with drugs and contraband from outside the prison system. KIDD reported the rape and assault to TDCJ officials, and according to KIDD, the prison guard was fired and prosecuted.

        This firing led to Aryan Brotherhood gang members retaliating against KIDD, and KIDD received several death threats from anonymous gang members.

4. KIDD has also been convicted of two federal crimes (for threatening the lives of judges) and two additional state crimes (including escape from state custody and harassment) while incarcerated in TDCJ. The federal crimes led to the imposition of sixty-month sentences in each of the two federal cases. There is some question as to how the federal time will be calculated in relation to his service of his state sentences. However, the Court accepts as true KIDD's assertion that he has remaining to serve both federal and Texas state time.

5. The federal judge that imposed KIDD's second sixty-month sentence conducted an investigation into KIDD's claims and suggested that it would be difficult for TDCJ to adequately protect KIDD while KIDD is housed in any TDCJ facility or any BOP facility located in areas where Aryan Brotherhood gang member populations are high. The federal judge recommended KIDD be transferred to federal custody to serve the sentence imposed by that judge. As KIDD was only in federal custody at the time pursuant to a writ, he was transferred back to state custody as required by law.

6. KIDD is requesting this Court to order his transfer to federal custody to serve the remainder of his federal sentence (it also appears KIDD requests to never be transferred back to TDCJ custody for safety reasons).

7. KIDD has filed numerous motions for injunctive relief in various Texas federal courts in the past, always requesting a transfer to federal custody. KIDD has continued to allege he has received threatening, unsigned letters from Aryan Brotherhood gang members after each transfer to a new unit.

8. KIDD did not exhaust his administrative remedies or notify TDCJ of the recent threat to his person, nor did he file a request for a safety investigation or housing transfer with the classification committee or any other party to this lawsuit. Rather, following his filing of this motion for injunctive relief, KIDD engaged in an episode of self-harm and was then monitored by TDCJ until he could be transferred to a mental health unit.

9. Prior to conducting the four-part analysis contained in the federal rules to determine if KIDD has shown the need for the extraordinary relief he requests, this Court must first determine if the jurisdiction exists to grant such relief. KIDD has now been transferred out of the jurisdiction of this division and has not articulated a new threat at the Montford Unit such that a transfer is warranted; rather, he has argued the likelihood of his return to this Court's jurisdiction. Without an affirmative showing that he will be returned to the

      Clements Unit, however, this Court must find his motion for injunctive relief is now moot. Because KIDD has been transferred numerous times at both his request and because of past threats he has reported to TDCJ, the Court cannot find with any certainty that he will be transferred back to the Clements Unit once he finishes his mental health treatment (if he in fact does not remain housed at Montford). Thus, this Court recommends his request for injunctive relief be dismissed as moot.

10. The Court notes that counsel for defendants have filed a response to this motion for injunctive relief and have filed documents with the Court that they request not be served on KIDD. This Court agrees that such documents do not need to be served on KIDD because they were not determinative in this Court's decision to deny injunctive relief by these Findings and Conclusions and thus are not needed for KIDD to file any objections to these Findings and Conclusions.

11. Although this Court believes KIDD's request for injunctive relief is now moot by his transfer to another division, the Court also recommends in the alterative that KIDD's motion be denied. In conducting the four-part analysis under Federal Rule of Civil Procedure 65(a), the Court first looks to the likelihood of KIDD prevailing on the merits of his underlying case. This factor presents an unusual procedural challenge in this case, as the District Judge of the Wichita Falls Division has retained jurisdiction of the original claim filed by KIDD and will make all determinations on that claim. However, KIDD must prevail on *all four* factors to merit injunctive relief.

12. KIDD must also show that he will suffer an irreparable injury if the injunction is not granted. KIDD states he fears continued retaliation from the Aryan Brotherhood for the events that occurred in 2003. KIDD further proports that TDCJ is unable and unwilling to protect him from the Aryan Brotherhood gang members. However, KIDD acknowledges that he did not exhaust his administrative remedies or report the most recent threats to TDCJ. By his motion, KIDD fails to demonstrate that a specific injury will occur. "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Holland v. America Ins. Co. v. Succession of Roy*, 77 F.2d 992, 997 (5th Cir. 1985). Although the Court has deep sympathy for KIDD's past harm suffered while incarcerated and his emotional state that led to the most recent incident of self-harm, it is improper for the Court to consider past and not future harm in conducting this analysis. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 (1983) (emotional consequences of previous actions are insufficient basis for injunctive relief).

13. The Court finds TDCJ will incur great harm if this injunctive is granted and that harm is not outweighed by the speculative harm to KIDD. TDCJ has transferred KIDD to over eighteen prison units. KIDD has also been placed in segregation and protective custody at various units. Additionally, KIDD is

        asking this Court to order TDCJ to release an inmate to federal custody and release their jurisdiction over him without providing TDCJ the opportunity to address KIDD's needs through administrative remedies. This Court finds such an action is not the sort of intervention intended by the federal rules. Even the federal judge who recommended KIDD's transfer to federal custody understood the federal court's jurisdiction did not extend to stripping the Texas system of the right to incarcerate an inmate and to use appropriate remedies to protect those inmates.

14. The Court finally finds that granting KIDD's injunctive relief will disserve the public interest. KIDD has filed numerous lawsuits and requests for injunctive relief demanding his transfer to federal custody. TDCJ has repeatedly accommodated KIDD in transferring him and changing his housing classification to protect him. KIDD will not be satisfied with any actions taken by TDCJ. The Prison Litigation Reform Act ("PLRA") requires prisoners to pursue the grievance system to its conclusion before filing a failure-to-protect claim. 42 U.S.C. § 1997(e)(a). Even if KIDD believed the TDCJ grievance process would not render a favorable result, he was obligated to pursue his administrative remedies prior to making any request for injunctive relief and intervention from the courts. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). It would subvert the public interest for this Court to allow KIDD to proceed with his request for injunctive relief without providing TDCJ the opportunity to address his housing concerns. In fact, it appears TDCJ has willingly addressed his housing concerns within the best of its abilities, absent releasing him from their custody, for the last several years. Further, KIDD has failed to articulate that TDCJ has actually failed to protect him from further retaliation, other than threatening letters, since the attacks at his original unit in 2003.

15. KIDD has failed to meet at least three of the four factors to show he merits the extraordinary measure of injunctive relief. This Court recommends that should he be transferred back to the Clements Unit during the objection period to these Findings and Conclusions, his claim for injunctive relief should still be denied.

## V.
## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Kidd's motion for injunction relief be DISMISSED as moot, and in the alternative, DENIED.

CIVIL RIGHTS\FCRs\INJ/18-0161.KIDD.deny

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 22, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE


*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).